UNITED STATES DISTRICT COURT   O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ALEYDA DINORAH ZAVALA-LOREDO § | |
|     Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. L-09-38 |
| § | CRIMINAL ACTION NO. L-07-1662-1 |
| UNITED STATES OF AMERICA | |
|     Respondent. | |

### MEMORANDUM AND OPINION

Defendant Aleyda Dinorah Zavala-Loredo ("Zavala-Loredo"), a federal prisoner, has filed a "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255." [Dkt. No. 1].[1] For the reasons stated herein, the Court **DISMISSES without prejudice** this Motion.

### I. BACKGROUND

On December 18, 2007, a federal grand jury in Laredo, Texas returned a two-count indictment against Zavala-Loredo for conspiracy with intent to distribute and possession with intent to distribute in excess of five kilograms of cocaine. [Cr. Dkt. No. 8]. Zavala-Loredo decided to forego trial and entered a plea of guilty to Count Two of the indictment. [Min. Entry 2/11/08]. Count Two of the indictment specifically charged Zavala-Loredo of possession with intent to distribute in excess of 5 kilograms of cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)A) and Title 18, United States Code Section 2. [Cr. Dkt. No. 8]. On April 30, 2008, the Court sentenced Zavala-

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 5:09-cv-38. Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:07-cr-1662.

Loredo to seventy months imprisonment, three years supervised release, and a $100 special assessment fee. [Min. Entry 4/30/2008].

On March 30, 2009, Zavala-Loredo filed the Motion now before the Court. [Dkt. No. 1]. The Motion is filed on a standard § 2255 form but consists of only one paragraph on the last page of the form. This paragraph states:

> . . . I would like to ask for your mercy and [to] see if it's possible to ask for a chance and a reduc[tion] in my sentence. I understand I made a mistake[.] There is no excuse[.] I [have] learn[ed] from my mistake. . . . I promise I will never do this again. . . . I strongly apologize. I hope to hear a positive answer from you. Thank you for your time.

[*Id.* at 10]. Zavala-Loredo does not list any other grounds for relief. Indeed, in the space on the §2255 form provided for a movant to list their grounds for relief, Zavala-Loredo has typed "none." [*Id.* at 3-9].

## II. DISCUSSION

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Here, Zavala-Loredo's Motion does not raise any claim cognizable under the limited scope of relief under § 2255. The purpose of Zavala-Loredo's Motion is not to attack her

conviction or sentence as unconstitutional or in excess of the statutory maximum but only to ask for the Court's mercy and for a reduction in her sentence. Indeed, Zavala-Loredo writes, "The reason to file Motion to 2255 is because I would like to ask for your mercy and [to] see if it's possible to ask for a chance and a reduc[tion] in my sentence." [Dkt. No. 1 at 10]. Zavala-Loredo has failed to state a claim for relief under §2255.[2] The Court concludes that it should **DISMISS WITHOUT PREJUDICE** Zavala-Loredo's Motion. *See* 28 U.S.C. § 2255, Proc. R. 4(b) (stating a district court should dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief").

### III. CONCLUSION

For the above-stated reasons, Zavala-Loredo's Motion is **DISMISSED without prejudice**.

DONE this 11th day of May 2009, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[2] This Court has the authority to correct or modify a previously imposed sentence only in a "limited number of circumstances" under 18 U.S.C. § 3582(c) (2006). *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). But section 3582 does not provide authority to resentence a defendant. *Bridges*, 116 F.3d at 1112. The limited circumstances enumerated in § 3582 are: (1) the Director of the Bureau of Prison files a motion to reduce the term of imprisonment for the reasons outlined in §3582(c)(1); (2) Defendant's term of imprisonment was based on a sentencing range that the Sentencing Commission subsequently lowered; and (3) the Court acts pursuant to Federal Rule of Criminal Procedure 35. 18 U.S.C. of § 3582(c) (2006); *Bridges*, 116 F.3d at 1112. Federal Rule of Criminal Procedure 35(a) permits the Court within seven (7) days after sentencing to reduce or correct a sentence "that resulted from arithmetical, technical or other clear error." Fed. R. Civ. P. 35(a). Rule 35(b) provides that the Court may also reduce a defendant's sentence when the Government makes a motion asserting that the defendant "provided substantial assistance in investigating or prosecuting another person." Fed. R. Civ. P. 35(b).
  Zavala-Loredo has not asserted grounds for modification of her sentence that fall into any of the three categories listed in 18 U.S.C. § 3582. The Director of the Bureau of Prisons has not filed a motion to reduce her term of imprisonment. The Sentencing Commission has not subsequently lowered the sentencing range for possession with intent to distribute in excess of five kilograms of cocaine and Zavala-Loredo does not have a cognizable claim under Federal Rule of Criminal Procedure 35.